Case 1:22-cv-21918-KMW   Document 1-1   Entered on FLSD Docket 06/22/2022   Page 1 of 13

Filing # 149997825 E-Filed 05/20/2022 11:18:41 AM

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

JAMEKA BROWN,

    Plaintiff,

v.

UNIVERSAL PROTECTION SERVICE, LLC
d/b/a Allied Universal Security Services and
G4SSECURITY SOLUTIONS USA LLC,

    Defendants.

Case No.: 2022 – 009467 - CA - 04

Date: 6/3/22   Time: 9:15b
MCN #111
is a certified process server in the
Circuit and County Courts in and for the
Second Judicial Circuit

**CIVIL ACTION SUMMONS**

THE STATE OF FLORIDA:

**TO EACH SHERIFF OF THE STATE
OR PERSON AUTHORIZED BY THE COURT
TO SERVE PROCESS IN THIS ACTION**

    **YOU ARE HEREBY COMMANDED** to serve this Summons and copy of the Complaint
for Damages in this action on the below-named Defendant:

**UNIVERSAL PROTECTION SERVICE, LLC d/b/a Allied Universal Security Services**
c/o CORPORATION SERVICE COMPANY
1201 HAYS ST
TALLAHASSEE, FL 32301

The Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, to wit:

whose address is:
Aron Smukler, Esquire
Saenz & Anderson, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131

within 20 days after service of this Summons on that Defendant, exclusive of the day of service, and
to file the original of the defenses with the clerk of this court either before service on Plaintiff's
attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against
that Defendant for the relief demanded in the Complaint.

EXHIBIT " A "

DATED ON _____5/31/2022_____, 2022.

CLERK OF COURTS.
as Clerk of said Court



/ 36565

By:_____

(COURT SEAL)

Filing # 149843436 E-Filed 05/18/2022 02:30:58 PM

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

JAMEKA BROWN,

        Plaintiff,

v.

UNIVERSAL PROTECTION SERVICE, LLC
d/b/a Allied Universal Security Services and
G4SSECURITY SOLUTIONS USA LLC,

        Defendants.

Case No.:

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiff JAMEKA BROWN ("Plaintiff") sues the Defendants UNIVERSAL
PROTECTION SERVICE, LLC d/b/a Allied Universal Security Services and G4SSECURITY
SOLUTIONS USA LLC (collectively the "Defendants"), and alleges:

1. This is an action to recover money damages for unpaid overtime wages and
retaliatory discharge under the laws of the United States.

2. This is an action for damages that exceed $30,000.00 exclusive of interest,
attorneys' fees, and costs.

3. The Court has jurisdiction pursuant to 29 U.S.C. § 216(b) of the Fair Labor
Standards Act (the "FLSA" or the "Act").

4. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this
Honorable Court. Plaintiff is a covered employee for purposes of the Act.

5. UNIVERSAL PROTECTION SERVICE, LLC d/b/a Allied Universal Security
Services and G4SSECURITY SOLUTIONS USA LLC are a Foreign Limited Liability Company

1

and a Florida Limited Liability Company, respectively, having their main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in interstate commerce.

6.      The acts or omissions giving rise to this Complaint occurred in whole or in part in Miami-Dade County, Florida.

## JOINT EMPLOYMENT/INTEGRATED ENTERPRISE/AGENCY

7.      Defendants share common ownership, common management, centralized control of labor relations, and common offices and interrelated operations. Defendants are an integrated enterprise under the law. Alternatively, each Defendant is an enterprise under the law.

8.      Defendants share employees or interchange employees; work in the direct interest of one another; and their employees are in the common control of both Defendants. Defendants are joint employers. Alternatively, each company is an enterprise under the law.

9.      Each Defendant is sued individually, as a joint enterprise, as joint employers, and as agent of each other.

## GENERAL ALLEGATIONS

10.     At all times material, Plaintiff was employed by Defendants as a security guard.

11.     Plaintiff worked for Defendants from approximately June 11, 2021, through August 30, 2021.

12.     While employed by Defendants, Plaintiff performed her work admirably and was revered by her colleagues with whom she worked.

13.     At all times material, Plaintiff worked full time and was compensated at a rate of $17.00 per hour.

2

14. In or about the week of August 20, 2021, Plaintiff worked a total of 56 hours; however, Defendants failed to compensate Plaintiff at a rate of one-and-one-half of her regular pay rate for all hours worked in excess of forty (40).

15. Faced with Defendants' blatant interference with her right to overtime pay, Plaintiff complained about her missing wages to her account manager, Ruli Aristides Mendoza, to no avail.

16. Defendants ignored Plaintiff's complaints and continued to forgo paying Plaintiff her overtime wages until Plaintiff's discharge on or about August 30, 2021. The non-payment of Plaintiff's wages created an intolerable working condition.

17. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

## COUNT I: WAGE AND HOUR VIOLATION – UNPAID OVERTIME WAGES

18. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-17 above as if set out in full herein.

19. This action is brought by Plaintiff to recover from the Defendants unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

20. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). Defendants are and, at all times pertinent to this Complaint, were engaged in

3

interstate commerce. At all times pertinent to this Complaint, Defendants operate as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provide its services for goods sold and transported from across state lines of other states, and Defendants obtain and solicit funds from non-Florida sources, accept funds from non-Florida sources, use telephonic transmissions going over state lines to do its business, transmit funds outside the State of Florida, and otherwise regularly engage in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of Defendants was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

21. By reason of the foregoing, Defendants are and were, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff was and/or is engaged in interstate commerce for Defendants. Defendants' business activities involve those to which the Act applies. Defendants provide security service and, through its business activity, affect interstate commerce. Plaintiff's work for Defendants likewise affects interstate commerce. Plaintiff was employed by Defendants as a security guard for Defendants' business.

22. In or about the week of August 20, 2021, Plaintiff worked a total of 56 hours without being compensated at the rate of not less than one-and-one-half times the regular rate at which she was employed.

23. Plaintiff was employed by Defendants as a security guard performing the same or similar duties as that of those other similarly situated security guards whom Plaintiff observed working in excess of 40 hours per week without proper overtime compensation.

4

24.     Plaintiff worked for Defendants from approximately June 11, 2021, through August 30, 2021. In total, Plaintiff worked approximately 1 compensable week under the Act, or 1 compensable week if we count 3 years preceding the date of the filing of the instant action.

25.     Defendants paid Plaintiff, on average, approximately $17.00 per hour.

26.     However, Defendants did not properly compensate Plaintiff for hours that Plaintiff worked in excess of 40 per week.

27.     Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from three (3) years preceding the date of the filing of this Complaint.

28.     Prior to the completion of discovery and to the best of Plaintiff's knowledge at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

a.  Actual Damages: $136.00

    i.    Calculation: $17.00 (average hourly pay) x .5 (overtime rate) x 16 (approximate number of overtime hours) x 1 (compensable weeks) = $136.00

b.  Liquidated Damages: $136.00

c.  Total Damages: $272.00 plus reasonable attorneys' fees and costs of suit.

29.     At all times material hereto, Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the Act but no provision was made by Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were

5

not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

30.    Defendants knew and/or showed reckless disregard for the provisions of the Act concerning the payment of overtime wages and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff is entitled to recover double damages. Defendants never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

31.    Defendants willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Honorable Court:

A. Enter judgment for Plaintiff and against Defendants on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

### JURY DEMAND

Plaintiff demands trial by jury of all issues so triable as of right.

6

## COUNT II: FEDERAL STATUTORY VIOLATION
## PURSUANT TO 29 U.S.C. 215 (a)(3) - RETALIATORY DISCHARGE

32. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 31 above as if set out in full herein.

33. Defendants willfully and intentionally refused to pay Plaintiff her legally owed overtime wages as required by the laws of the United States and remain owing Plaintiff these wages as set forth above.

34. 29 U.S.C. § 215(a)(3) states that it shall be unlawful for any person "to discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in such proceeding, or has served or is about to serve on an industry committee."

35. In or about the week of August 20, 2021, Plaintiff worked a total of 56 hours; however, Defendants failed to compensate Plaintiff at a rate of one-and-one-half of her regular pay rate for all hours worked in excess of forty (40).

36. Plaintiff complained about unpaid overtime wages to Defendants. Namely, Plaintiff complained about unpaid overtime wages to account manager, Ruli Aristides Mendoza.

37. Then, on or about August 30, 2021, Plaintiff was discharged.

38. The motivating factor, which caused Plaintiff's discharge as described above, was the complaint seeking the payment of overtime wages from Defendants. In other words, Plaintiff would not have been fired but for her complaint about unpaid overtime wages.

39. Defendants' termination of Plaintiff was in direct violation of 29 U.S.C. § 215(a)(3) and, as a direct result, Plaintiff has been damaged.

7

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Honorable Court:

A. Enter a judgment against Defendants for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorneys' fees, costs, and;

B. Reinstatement and promotion and injunctive relief prohibiting Defendants from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages, as well as other damages recoverable by law pursuant to the FLSA.

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable as of right.

Dated: May 18, 2022.

Respectfully submitted,

By: /s/Aron Smukler
Aron Smukler, Esquire
Fla. Bar No.: 0297779
Email: asmukler@saenzanderson.com

R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
Counsel for Plaintiff(s)

Filing # 149843436 E-Filed 05/18/2022 02:30:58 PM

#### FORM 1.997.   CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes, (See instructions for completion.)

#### I.   CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE ELEVENTH  JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE  COUNTY, FLORIDA

JAMEKA BROWN
Plaintiff

Case # _____
Judge _____

vs.

UNIVERSAL PROTECTION SERVICE, LLC, G4SSECURITY SOLUTIONS USA LLC
Defendant

#### II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

**III.   TYPE OF CASE**   (If the case fits more than one type of case,  select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

## CIRCUIT CIVIL

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐ Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☒ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☒ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

-2-

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV.** **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.** **NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

1

**VI.** **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.** **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.** **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.** **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Aron Smukler               Fla. Bar # 297779
       Attorney or party                   (Bar # if attorney)

Aron Smukler              05/18/2022
(type or print name)          Date