UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-21918-CIV-WILLIAMS/MCALILEY

JAMEKA BROWN,

    Plaintiff,

vs.

UNIVERSAL PROTECTION SERVICE
LLC, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION TO
APPROVE SETTLEMENT AND DISMISS CASE**

This is an action that arises under the Fair Labor Standards Act ("FLSA"). On August 15, 2022, I presided over a settlement conference at which the parties reached a full settlement of this matter. I also held a fairness hearing, as required by the FLSA, at the conclusion of the settlement conference. (ECF Nos. 23, 24).

The parties have since filed a Joint Motion to Approve Settlement and for Stipulation of Dismissal with Prejudice. (ECF No. 28). The Motion attaches the parties' settlement agreement. (ECF No. 28-1). I reviewed that document and find that it conforms to the information the parties provided to me at the August 15, 2022, fairness hearing. For the reasons I stated on the record at that hearing, I find that the parties' settlement of Plaintiff's claims under the FLSA, by payment to Plaintiff of $2,319.00, is a fair and reasonable resolution of a bona fide dispute. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). In addition, for the reasons stated at the fairness

1

hearing, I also find that the amount of the settlement that is designated as fees for Plaintiff's counsel, $2,681.00, is reasonable. *See Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

For the foregoing reasons, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** the Joint Motion to Approve Settlement and for Stipulation of Dismissal with Prejudice (ECF No. 28) and approve the parties' settlement agreement (ECF No. 28-1). I **FURTHER RECOMMEND** that the Court retain jurisdiction for thirty (30) days to enforce the parties' settlement agreement.

**No later than seven (7) days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULLY SUBMITTED in chambers in Miami, Florida this 24th day of August 2022.

_____
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE